CASE 1—FORFEITED RECOGNIZANCE—DECEMBER 7.

## Rion vs. Commonwealth.

### APPEAL FROM BOURBON CIRCUIT COURT.

1. A bail bond was executed in August, 1862, for the appearance of the accused on the first day of the next October term. The case was submitted to the grand jury at three successive terms of the court, and no indictment was found, nor any report made. *Held*—That the accused should have been discharged and the bail exonerated. (*Crim. Code, sec.* 116; 4 *Met.*, 220.)

2. It is the duty of the grand jury to report on cases submitted, and if they fail to do so, the defendant and his surety should be discharged, unless, for cause shown, the court should otherwise direct; and such cause should appear of record.

R. T. DAVIS for appellant.

JOHN M. HARLAN, Attorney General, for Commonwealth.

*JUDGE WILLIAMS* DELIVERED THE OPINION OF THE COURT:

This appeal is prosecuted to reverse a judgment in favor of the *Commonwealth vs. Rion* for $500, as the surety for Womell, in a bail bond, dated August 4, 1862, for the appearance of Womell, in the Bourbon circuit court, "on the first day of its

next October term, to answer the charge for a misdemeanor filed in said court against him, and shall not depart without leave of court."

The disturbed state of the country prevented the holding of the October term of said court; but a special criminal term was held in November, and this recognizance was then submitted to the grand jury, which failed to return any indictment. It was again submitted to the grand jury, at each of the subsequent July and November terms of said court, and no indictment was returned by either, nor any report of their action on the case.

By section 116, Criminal Code, Womell should have been discharged, and his bail exonerated " at the term of the court next after the first submission of the charge to the grand jury, unless, for cause shown, the court shall otherwise direct." No such cause or direction of the court appears in this record.

In *Commonwealth vs. Roberts*, 4 *Met.*, 220, this court held that the court, on the report of the second grand jury, should have entered a discharge of the defendant, and exoneration of his bail, and that the failure of the court to do so could not prejudice the defendant or his bail.

It was the duty of the grand jury to report their action on such cases as had been submitted to them, and the duty of the court and Commonwealth's Attorney to see that this was done; and then, unless sufficient reasons appeared for other action, the defendant and his surety should have been dismissed, and these special reasons should have appeared of record.

As no indictment has ever been found against Womell, nor other legal charge made, and no special reasons appear of record why he should not have been discharged and his surety exonerated, the Commonwealth is entitled to no judgment on the bail bond.

Wherefore, the judgment is reversed, and the court below directed to proceed according to this opinion.